IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH BALL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS BRUCE PHIPPS, #20058, WILFREDO TORRES, JR., #2231, and JOHN DOES, | ) ) ) ) |
| | ) |
|    Defendants. | )   Jury Demand |

## COMPLAINT

1. In the summer of 2020, Plaintiff Elizabeth Ball, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

2. The Chicago Police Department ("CPD") and other City agencies responded to these demonstrations with brutal, violent, and unconstitutional tactics that were clearly intended to injure, silence, and intimidate Plaintiff Ball and other protesters.

1

3. As explained in more detail below, Plaintiff was assaulted and falsely arrested by CPD Officers while posing no threat to anyone, interfering with Plaintiff's constitutional rights.

4. CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of Plaintiff's constitutional rights as well as physical, emotional, and mental injuries.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7. Plaintiff Elizabeth Ball is 30 years old and was 29 years old at the time of the incidents giving rise to this Complaint. Plaintiff Ball is a white resident of Chicago, Illinois, is a licensed clinical social worker and is currently self-employed as a psychotherapist.

8. Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law

enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

9. Defendant Officers Bruce Phipps, Wilfredo Torres, Jr., and John Does are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with the CPD. They are sued in their individual capacity for violating Plaintiff's rights under the U.S. Constitution and Illinois state law.

## FACTUAL ALLEGATIONS

10. On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

11. On August 15, 2020, Plaintiff attended a demonstration downtown led by Black youth calling for defunding CPD, CPD out of Chicago Public Schools, and abolishing ICE.

12. Plaintiff went to the protest alone, riding her bicycle downtown after getting off of work.

13. By the time Plaintiff joined the protest, the march had already begun. Plaintiff observed a significant number of protesters suffering from the effects of chemical weapons deployed by Chicago police officers.

14. Plaintiff proceeded alongside the protest by bicycle. As the protesters marched down LaSalle Street, Plaintiff was toward the back of the crowd.

15. Without cause or justification, multiple unidentified Chicago police officers grabbed hold of Plaintiff, as well as Plaintiff's backpack and bicycle.

16. Defendant Officers tugged Plaintiff, the backpack, and the bicycle, pulling Plaintiff in opposite directions. One Defendant Officer yanked Plaintiff's bicycle in a manner that caused the saddle of the bicycle to forcefully strike Plaintiff between the legs, causing significant pain.

17. Defendant Officers then ripped Plaintiff away from the bicycle and flung Plaintiff to the ground.

18. Defendant Officers struck Plaintiff multiple times about the body, including striking Plaintiff with riot shields and batons.

19. Defendant Officers then handcuffed Plaintiff with plastic flex cuffs. Defendant Officers tightened these cuffs in such an extreme and unreasonable manner that it caused extreme pain.

20. Plaintiff was placed in a police squadrol and held in police lockup with other protesters who had been sprayed with chemical weapons. The volume and intensity of these chemical agents were so strong that being in close proximity to the other protesters caused Plaintiff to suffer the effects. Plainitff had difficulty

4

breathing and felt a burning sensation on her skin for a number of days following the incident.

21. Chicago police officers attempted to interrogate Plaintiff and other protesters while they were in police custody. Chicago police officers approached Plaintiff and the other individuals being held in a cell, displayed photographs of other protesters, and requested that the arrestees identify the individuals in the photographs. The officers did not read *Miranda* rights as part of this attempt to interrogate them.

22. Chicago police officers directed insulting, derogatory, and misogynistic comments toward Plaintiff and other people in custody, including calling them "stupid girls."

23. The following day on August 16, 2020, Plaintiff was released from custody and falsely charged with a misdemeanor count of "Mob Action." On the arrest report for this false charge, Defendant Officer Torres was listed as the "Arresting Officer" and Defendant Officer Phipps was listed as the "Attesting Officer."

24. Plaintiff suffered physical injuries from a result of the Defendant Officers' violence, including bruises and lacerations to the arms, legs, wrists, ankles, and other parts of Plaintiff's body. Plaintiff also suffered pain in the hands and wrists as a result of Defendant Officers placing handcuffs on Plaintiff's wrists in an unnecessary manner.

25. Plaintiff sought medical treatment for these injuries and was referred

to a neurologist for the damage to Plaintiff's hands and wrists. To this day, Plaintiff continues to have loss of feeling in the palms as a result of the Defendant Officers' unlawful actions.

26. Plaintiff retrieved the bicycle from a police station after being released from custody. The bicycle was damaged while in police custody, including both tires having been slashed. Plaintiff brought the bicycle to be repaired at a bike shop, paying out of pocket for the parts and repairs.

27. On September 15, 2020, Plaintiff appeared in Cook County Court to face the false charge of "Mob Action." On that date, the Cook County State's Attorney's Office made a Motion to Strike With Leave to Reinstate, essentially dismissing the case against Plaintiff.

28. As a result of the Defendant Officers' unlawful actions, Plaintiff has suffered and continues to suffer significant emotional distress. Following this incident, Plaintiff returned to see a therapist in order to address the trauma and emotional distress caused by Defendants' actions.

29. Plaintiff did not physically attack, assault, threaten, or resist the Defendant Officers or any other Chicago police officer at any time or in any way.

30. Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

31. As a direct and proximate result of the Defendant Officers' actions as detailed above, Plaintiff suffered and continues to suffer, *inter alia*, bodily injuries, as well as pain and suffering, extreme mental distress, anguish, and fear.

## COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

32. Each paragraph of this Complaint is incorporated as if restated fully herein.

33. Count I is alleged against all Defendant Officers.

34. The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

35. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

36. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT II – 42 U.S.C. § 1983
### Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. Count II is alleged against all Defendant Officers.

39. As described in detail above, Plaintiff participated in lawful, constitutionally protected activity on the public streets of the City of Chicago.

40. The actions of the Defendant Officers described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising these rights and suffered retaliation for having exercised these rights.

41. The Defendant Officers retaliated against Plaintiff for engaging in protected speech by subjecting Plaintiff to excessive force without legal justification. Plaintiff's protected speech was the substantial and motivating factor for the Defendant Officers' use of force. The Defendant Officers' actions were intended to make Plaintiff and other people engaging in constitutionally-protected speech at the protests wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

42. At all relevant times, the Defendant Officers were aware that Plaintiff was engaged in constitutionally-protected speech when they violated Plaintiff's rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

43. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

**COUNT III – 42 U.S.C. § 1983**

### Violation of the Fourth Amendment – Unlawful Search and Seizure of Property

44. Each paragraph of this Complaint is incorporated as if restated fully herein.

45. Count III is alleged against all Defendant Officers.

46. The actions of the Defendants in falsely detaining Plaintiff and seizing Plaintiff's property without reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

47. The actions of the Defendants were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, deprivation of property, damage to personal property, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of liberty, as set forth more fully above.

### COUNT IV – 42 U.S.C. § 1983
### Violation of Fourth Amendment – False Arrest

48. Each paragraph of this Complaint is incorporated as if restated fully herein.

49. Count IV is alleged against all Defendant Officers.

50. The actions by the Defendant Officers in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

51. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

52. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT V – 42 U.S.C. § 1983
## Conspiracy to Deprive Plaintiff of Constitutional Rights

53. Each paragraph of this Complaint is incorporated as if restated fully herein.

54. Count V is alleged against all Defendant Officers.

55. Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

56. Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on Plaintiff and unlawfully detain and arrest Plaintiff, knowing they lacked reasonable suspicions or probable cause to do so, and for the purpose of violating Plaintiff's First, Fourth, and Fourteenth Amendment rights.

57. In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of

violating Plaintiff's rights. They accomplished this goal by using excessive force on and unlawfully arresting Plaintiff.

58. Each individual Defendant Officer is therefore liable for the violation of Plaintiff's rights by any other individual Defendant Officer.

59. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, deprivation of and damage to property, and legal expenses, as set forth more fully above.

## COUNT VI – 42 U.S.C. § 1983
### Failure to Intervene

60. Each paragraph of this Complaint is incorporated as if restated fully herein.

61. Count VI is alleged against all Defendant Officers.

62. During the events described above, Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

63. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

As a direct and proximate result of the Defendant Officers' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, as set forth more fully above.

11

## COUNT VII – State Law Claim
## Malicious Prosecution

64. Each paragraph of this Complaint is incorporated as if restated fully herein.

65. Count VII is alleged against all Defendant Officers.

66. Defendants, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

67. The prosecution of Plaintiff terminated in Plaintiff's favor and in a manner that is indicative of innocence.

68. The Defendant Officers' actions were committed in a willful and wanton manner.

69. The Defendants' actions directly and proximately caused injury and damage as set forth above.

## COUNT VIII – State Law Claim
## *Respondeat Superior*

70. Each paragraph of this Complaint is incorporated as if restated fully herein.

71. Count VIII is alleged against Defendant City of Chicago.

72. In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

73. Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

## COUNT IX – State Law Claim
## Indemnification

74. Each paragraph of this Complaint is incorporated as if restated fully herein.

75. Count XIII is alleged against Defendant City of Chicago.

76. In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities

77. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor against the Defendants in the following manner:

1. Award Plaintiff compensatory and punitive damages.

2. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3. Award Plaintiff such other and further relief as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury.

13

Dated: September 13, 2021            Respectfully submitted,


/s/ Brad J. Thomson
Brad J. Thomson

Joey L. Mogul, Janine Hoft, Ben Elson
Jan Susler, Brad J. Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
joeymogul@peopleslawoffice.com
janinehoft@peopleslawoffice.com
ben@peopleslawoffice.com
brad@peopleslawoffice.com
jsusler@peopleslawoffice.com

/s/ Vanessa del Valle
Vanessa del Valle

Vanessa del Valle
Roderick and Solange MacArthur
Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 606611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu

/s/ Sheila A. Bedi
Sheila A. Bedi

Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu

14