**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2021 CV 04840 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | Judge Maldonado |
| OFFICERS BRUCE PHIPPS, #20058, | ) | |
| WILFREDO TORRES, JR., #2231, | ) | Magistrate Jeffrey Cummings |
| RICHARD HERNANDEZ, #3412, | ) | |
| SCOTT CARTER, #7429, CHRIS | ) | |
| PAPAROANNOU, #260, MATTHEW | ) | |
| SHEPARD, #12781, *STEPHEN EIFRID*, | ) | |
| JAMES FRANCIS, #19345, KEVIN GALL, | ) | |
| #19611, MARKO TRIFUNOVAC, #19174, | ) | |
| OSCAR ZERMENO, #11023, RUBEN | ) | |
| CARDOZA, #10599, and JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S FOURTH
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**</u>

Now come Defendant City of Chicago ("City") by and through one of its attorneys, Caroline Fronczak, Deputy Corporation Counsel, and for its answer and affirmative defenses to Plaintiff's Fourth Amended Complaint and its jury demand, states as follows:

1.      In the summer of 2020, Plaintiff Elizabeth Ball, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

**ANSWER: Defendant admits that protests occurred in the summer of 2020 but lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

2.      The Chicago Police Department ("CPD") and other City agencies responded to these demonstrations with brutal, violent, and unconstitutional tactics that were clearly intended to injure, silence, and intimidate Plaintiff Ball and other protesters.

**ANSWER: Defendant denies the allegations in this paragraph.**

3.     As explained in more detail below, Plaintiff was assaulted and falsely arrested by CPD Officers while posing no threat to anyone, interfering with Plaintiff's constitutional rights.

**ANSWER: Defendant denies the allegations in this paragraph.**

4.     CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of Plaintiff's constitutional rights as well as physical, emotional, and mental injuries.

**ANSWER: Defendant denies the allegations in this paragraph.**

<b>JURISDICTION AND VENUE</b>

5.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

**ANSWER: Defendant admits that jurisdiction is proper but deny any wrongdoing or misconduct.**

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

**ANSWER: Defendant admits that venue is proper but deny any wrongdoing or misconduct.**

<b>PARTIES</b>

7.     Plaintiff Elizabeth Ball is 31 years old and was 29 years old at the time of the incidents giving rise to this Complaint. Plaintiff Ball is a white resident of Chicago, Illinois, is a licensed clinical social worker and is currently self-employed as a psychotherapist.

**ANSWER: Upon information and belief, Defendant admits that Plaintiff was 29 years old at the time of the incident and admits that Plaintiff was a white resident of Chicago but lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

8.     Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

2

**ANSWER: Defendant admits the allegations in this paragraph but deny any wrongdoing or misconduct.**

9.      Defendant Officers Bruce Phipps, Wilfredo Torres, Jr., Richard Hernandez, *Scott Carter, Chris* Paparoannou, Matthew Shepard, Stephen Eifrid, James Francis, Kevin Gall, Marko Trifunovic, Oscar Zermeno, Ruben Cardoza and John Does are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with the CPD. They are sued in their individual capacity for violating Plaintiff's rights under the U.S. Constitution and Illinois state law.

**ANSWER: Defendant admits the allegations in this paragraph as it relates to he named officers, but deny any wrongdoing or misconduct alleged herein and lack knowledge or information sufficient to admit or deny allegations regarding the employment status of unknown or unidentified  police employees.**

## FACTUAL ALLEGATIONS

10.      On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

**ANSWER: Defendant admits that numerous protests occurred following the killings of George Floyd and Breonna Taylor but lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

11.      On August 15, 2020, Plaintiff attended a demonstration downtown led by Black youth calling for defunding CPD, CPD out of Chicago Public Schools, and abolishing ICE.

**ANSWER: Defendant admits that Plaintiff attended a demonstration in downtown Chicago on August 15, 2020, but lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

12.      Plaintiff went to the protest alone, riding her bicycle downtown after getting off of work.

**ANSWER: Defendant lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

13. By the time Plaintiff joined the protest, the march had already begun. Plaintiff observed a significant number of protesters suffering from the effects of chemical weapons deployed by Chicago police officers.

**ANSWER: Defendant lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

14. Plaintiff proceeded alongside the protest by bicycle. As the protesters marched down LaSalle Street, Plaintiff was toward the back of the crowd.

**ANSWER: Defendant City denies that Plaintiff was towards the back of the crowd and lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

15. Without cause or justification, Defendant Officers John Does, Eifrid and Trifunovic shoved Plaintiff with their batons, and Defendant Officer Francis struck Plaintiff with his riot shield.

**ANSWER: Defendant denies the allegation of this paragraph.**

16. Without cause or justification, Defendant Officers, including Defendants Shepard, Francis, Trifunovic, Gall and Cardoza grabbed hold of Plaintiff, as well as Plaintiff's backpack and bicycle.

**ANSWER: Defendant denies the allegations of this paragraph.**

17. Defendant Officers Shepard, Francis, Eifrid, Trifunovic, Gall, Cardoza and other Defendant Officers pushed and tugged Plaintiff, the backpack, and the bicycle, pulling Plaintiff in opposite directions. The Defendant Officers yanked Plaintiff's bicycle in a manner that caused the saddle of the bicycle to forcefully strike Plaintiff between the legs, causing significant pain.

**ANSWER: Defendant denies the allegations of this paragraph.**

18. By pulling Plaintiff, the backpack, and the bicycle in different directions, Defendant Officers used force to cause Plaintiff and the bicycle to fall the ground.

**ANSWER: Defendant denies the allegations of this paragraph.**

19. Defendant Officers yelled "Get the bike!" and "Take the bike!"

**ANSWER: Defendant admits that officers stated those words but lack knowledge or information sufficient to identify which officer made such statements.**

20.     Defendant Officer Hernandez, assisted by Defendant Gall and other Defendant Officers then ripped Plaintiff away from the bicycle and flung Plaintiff to the ground.

**ANSWER: Defendant denies the allegations of this paragraph.**

21.     Defendant Officer Hernandez and other Defendant Officers struck Plaintiff multiple times about the body, including striking Plaintiff with riot shields and batons.

**ANSWER: Defendant denies the allegations of this paragraph**

22.     Defendant Officers, including Officers Hernandez, Gall, and Zermeno dragged Plaintiff on the ground.

**ANSWER: Defendant denies the allegations of this paragraph.**

23.     When Defendant Officer Torres arrived on the scene, Plaintiff was separated from the crowd and was being dragged on the ground by Defendant Officers Hernandez, Gall, and John Does.

**ANSWER: Defendant denies the allegations of this paragraph.**

24.     Defendant Officers Hernandez, Torres, and Paparoannou then restrained Plaintiff and handcuffed Plaintiff with plastic flex cuffs. Defendant Officers Torres, Hernandez and Paparoannou tightened these cuffs in such an extreme and unreasonable manner that it caused extreme pain.

**ANSWER: Defendant denies the allegations of this paragraph.**


25.     Defendant Officer Carter assisted in detaining and arresting Plaintiff and searched Plaintiff's backpack while Plaintiff was in handcuffs.

**ANSWER: Defendant admits that police officer searched the backpack while Plaintiff was in handcuffs, but lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.**

26.     Plaintiff was placed in a police squadrol and held in police lockup with other protesters who had been sprayed with chemical weapons. The volume and intensity of these chemical agents were so strong that being in close proximity to the other protesters caused Plaintiff to suffer the effects. Plaintiff had difficulty breathing and felt a burning sensation on her skin for a number of days following the incident.

**ANSWER: Upon information belief, Defendant admits that Plaintiff was transported in a police squadrol and held in police lock up for a period of time but lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

27.     Chicago police officers attempted to interrogate Plaintiff and other protesters while they were in police custody. Chicago police officers approached Plaintiff and the other individuals being held in a cell, displayed photographs of other protesters, and requested that the arrestees identify the individuals in the photographs. The officers did not read *Miranda* rights as part of this attempt to interrogate them.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

28.     Chicago police officers directed insulting, derogatory, and misogynistic comments toward Plaintiff and other people in custody, including calling them "stupid girls."

**ANSWER: Defendant denied the allegations contained in this paragraph.**

29.     The following day on August 16, 2020, Plaintiff was released from custody and falsely charged with a misdemeanor count of "Mob Action." On the arrest report for this false charge, Defendant Officer Torres was listed as the "Arresting Officer" and Defendant Officer Phipps was listed as the "Attesting Officer."

**ANSWER: Defendant denies the allegations contained in this paragraph.**

30.     Defendant Officers Phipps and Torres completed the arrest report for Plaintiff and included an incident narrative, which stated that the "arresting officer Sgt. Torres #2231 witnessed the arrestee at 120 S. LaSalle St. assemble with three or more persons for the purpose of using force or violence to disturb the public peace."

**ANSWER: Defendant admits the allegations of this paragraph.**

31.     The allegations in this incident narrative are demonstrably false. When Defendant Officer Torres first arrived on the scene, Plaintiff was isolated from the crowd and surrounded by police officers. Therefore, it would not have been physically possible for Defendant Torres to have observed Plaintiff assemble with other individuals. He then embellished on this misrepresentation of fact by claiming that the assembly was for the purpose of "using force or violence to disturb the public peace."

**ANSWER: Defendant denies the allegations of this paragraph.**

32.     Despite the false information contained in the report, Defendant Officer Phipps completed the arrest report as the "Attesting Officer," claiming he was "acting as a processing officer." As the "Attesting Officer," Defendant Officer Phipps asserted, "I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief."

**ANSWER: Defendant denies the allegations of this paragraph.**

33.     Plaintiff suffered physical injuries from a result of the Defendant Officers' violence, including bruises and lacerations to the arms, legs, wrists, ankles, and other parts of Plaintiff's body. Plaintiff also suffered pain in the hands and wrists as a result of Defendant Officers placing handcuffs on Plaintiff's wrists in an unnecessary manner.

**ANSWER: Defendant denies the allegations of this paragraph.**

34.     Plaintiff sought medical treatment for these injuries and was referred to a neurologist for the damage to Plaintiff's hands and wrists. To this day, Plaintiff continues to have loss of feeling in the palms as a result of the Defendant Officers' unlawful actions.

**ANSWER: Defendant denies the allegations of this paragraph.**

35.     During the course of Plaintiff's arrest, Plaintiff's bicycle was taken by Defendant Officers and last seen in possession of Chicago police officers. Plaintiff retrieved the bicycle from a police station after being released from custody. The bicycle was damaged while in police custody, including both tires having been slashed. Plaintiff brought the bicycle to be repaired at a bike shop, paying out of pocket for the parts and repairs.

**ANSWER: Defendant denies the allegations of this paragraph.**

36.     On September 15, 2020, Plaintiff appeared in Cook County Court to face the false charge of "Mob Action." On that date, the Cook County State's Attorney's Office made a Motion to Strike With Leave to Reinstate, which was granted and no motion to reinstate was ever filed, effectively dismissing the case and all charges as a result of this incident against Plaintiff.

**ANSWER:  Upon information and belief, Defendant admits that on September 15, 2020, Plaintiff appeared in Cook County Court to face the charge of "Mob Action" at which time the charge was stricken with leave to reinstate by the Cook County State's Attorney's Office but denies that the charge was false.**

37.     As a result of the Defendant Officers' unlawful actions, Plaintiff has suffered and continues to suffer significant emotional distress. Following this incident, Plaintiff returned to see a therapist in order to address the trauma and emotional distress caused by Defendants' actions.

**ANSWER: Defendant denies the allegations of this paragraph.**

38.     Plaintiff did not physically attack, assault, threaten, or resist the Defendant Officers or any other Chicago police officer at any time or in any way.

**ANSWER: Defendant denies the allegations of this paragraph.**

39.     Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

**ANSWER: Defendant denies the allegations of this paragraph.**

40.     As a direct and proximate result of the Defendant Officers' actions as detailed above, Plaintiff suffered and continues to suffer, *inter alia,* bodily injuries, as well as pain and suffering, extreme mental distress, anguish, and fear.

**ANSWER: Defendant denies the allegations of this paragraph.**

## COUNT I – 42 U.S.C. § 1983
## Violation of the Fourth Amendment – Excessive Force

41.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendants restate its answer to the prior paragraphs as its answer to paragraph 41.**

42.     Count I is alleged against Defendant Officers Hernandez, Torres, Shepard, Francis, Trifunovic, Eifrid, Gall, Cardoza, Zermeno, Paparoannou and John Does.

**ANSWER: Defendant City does not answer Count I as the allegations are not directed toward it.  However, if an answer is required, Defendant admits the allegations of this paragraph but denies any wrongdoing or misconduct.**

43.     Defendant Officers Hernandez, Shepard, Francis, Trifunovic, Eifrid, Gall, Cardoza, Zermeno, and John Does grabbed, pushed, and forced Plaintiff to the ground, dragged Plaintiff on the ground, and struck Plaintiff about the body in an unreasonable and excessive manner, causing physical injury.

**ANSWER: Defendant City does not answer Count I as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

44.     Defendant Officers Hernandez, Torres, and Paparoannou placed handcuffs on Plaintiff in such a way that it subjected Plaintiff to unreasonable and excessive force, causing pain and injury.

**ANSWER: Defendant City does not answer Count I as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

45.     The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendant City does not answer Count I as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

46.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

**ANSWER: Defendant City does not answer Count I as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

47.     The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

**ANSWER: Defendant City does not answer Count I as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

**COUNT II – 42 U.S.C. § 1983**
**Violation of the First Amendment – Freedom of Speech and Assembly,**
**Intimidation and Retaliatory Use of Force**

48.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answer to the prior paragraphs as its answer to paragraph 48.**

49.     Count II is alleged against Defendant Officers Hernandez, Torres, Shepard, Francis, Trifunovic, Eifrid, Gall, Cardoza, Zermeno, Paparoannou and John Does.

**ANSWER: Defendant City does not answer Count II as the allegations are not directed toward it. However, if an answer is required Defendant admits the allegations of this paragraph but denies any wrongdoing or misconduct.**

50.     As described in detail above, Plaintiff participated in lawful, constitutionally protected activity on the public streets of the City of Chicago.

**ANSWER: Defendant City does not answer Count II as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

51.     The actions of the Defendant Officers described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the

United States Constitution, in that Plaintiff was abruptly prevented from further exercising these rights and suffered retaliation for having exercised these rights.

**ANSWER: Defendant City does not answer Count II as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

52.     The Defendant Officers retaliated against Plaintiff for engaging in protected speech by subjecting Plaintiff to excessive force without legal justification. Plaintiff's protected speech was the substantial and motivating factor for the Defendant Officers' use of force. The Defendant Officers' actions were intended to make Plaintiff and other people engaging in constitutionally-protected speech at the protests wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

**ANSWER: Defendant City does not answer Count II as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

53.     At all relevant times, the Defendant Officers were aware that Plaintiff was engaged in constitutionally-protected speech when they violated Plaintiff's rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

**ANSWER: Defendant City does not answer Count II as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

54.     The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

**ANSWER: Defendant City does not answer Count II as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

**COUNT III – 42 U.S.C. § 1983**
**Violation of the Fourth Amendment – Unlawful Search and Seizure of Property**

55.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answer to the prior paragraphs as its answer to to paragraph 55.**

56. Count III is alleged against Defendant Officers Hernandez, *Carter*, Paparoannou, Shepard, Francis, Gall, Eifrid, Trifunovic, Cardoza, Zermeno, and John Does.

**ANSWER: Defendant City does not answer Count III as the allegations are not directed toward it. However, if an answer is required Defendant admits the allegations of this paragraph but deny any wrongdoing or misconduct.**

57. The actions of the Defendants in falsely detaining Plaintiff, separating Plaintiff's property from her, taking possession of and seizing Plaintiff's bicycle without reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

**ANSWER: Defendant City does not answer Count III as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

58. The actions of the Defendants were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, deprivation of property, damage to personal property, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of liberty, as set forth more fully above.

**ANSWER: Defendant City does not answer Count III as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

### COUNT IV – 42 U.S.C. § 1983
### Violation of Fourth Amendment – False Arrest

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answer to the prior paragraphs as its answer to paragraph 59.**

60. Count IV is alleged against Defendant Officer Hernandez, Torres, *Carter,* Paparoannou, Shepard, Francis, Gall, Trifunovic, Eifrid, Cardoza, Zermeno, and John Does.

**ANSWER: Defendant City does not answer Count IV as the allegations are not directed toward it. However, if an answer is required Defendant admits the allegations of this paragraph but deny any wrongdoing or misconduct.**

61. The actions by the Defendant Officers in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**ANSWER: Defendant City does not answer Count IV as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

62.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

**ANSWER: Defendant City does not answer Count IV as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

63.     The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

**ANSWER: Defendant City does not answer Count IV as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

**COUNT V – 42 U.S.C. § 1983**
**Conspiracy to Deprive Plaintiff of Constitutional Rights**

64.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answer to the prior paragraphs as its answer to paragraph 64.**

65.     Count V is alleged against all Defendant Officers.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendants admits the allegations of this paragraph but deny any wrongdoing or misconduct.**

66.     Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

67.     Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on Plaintiff and unlawfully detain and arrest Plaintiff, knowing they lacked reasonable suspicions or probable cause to do so, and for the purpose of violating Plaintiff's First, Fourth, and Fourteenth Amendment rights.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

68.     In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiff's rights. They accomplished this goal by using excessive force on and unlawfully arresting Plaintiff, in addition to unreasonably seizing Plaintiff's property.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

69.     In furtherance of this conspiracy, Defendants Shepard, Eifrid, Francis Trifunovic, Gall, and Cardoza, acting in concert with Defendant Officer Hernandez, shoved plaintiff, physically grabbed Plaintiff, Plaintiff's bicycle, and Plaintiff's backpack, pulling and pulling in different directions. These Defendant Officers then struck Plaintiff about the body, before dragging Plaintiff on the ground, where Defendant Officer Hernandez began placing Plaintiff under arrest.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

70.     In furtherance of this conspiracy, Defendant Officers Torres and Phipps agreed to include false information in Plaintiff's arrest report, which served as the basis of the false charges brought against Plaintiff. By including this false information, they were also attempting to cover up for the violence, unjustified arrest, and unreasonable seizure committed by Defendant Officer Hernandez and John Does.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

71.     Defendant Officer Hernandez and Defendant Officers *Carter,* Paparoannou, Shepard, Eifrid, Francis, Gall, Trifunovic, Cardoza, and Zermeno, intentionally did not include their names on Plaintiff's arrest report, or otherwise identify themselves as participating in the arrest, in an attempt to avoid accountability for their unlawful actions.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

72.     Each individual Defendant Officer is therefore liable for the violation of Plaintiff's rights by any other individual Defendant Officer.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

73.     As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, deprivation of and damage to property, and legal expenses, as set forth more fully above.

**ANSWER: Defendant City does not answer Count V as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

**COUNT VI – 42 U.S.C. § 1983**
**Failure to Intervene**

74.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answer to the prior paragraphs as its answer to paragraph 74.**

75.     Count VI is alleged against Defendant Officers Hernandez, Torres, *Carter*, Paparoannou, Shepard, Eifrid, Francis, Gall, Trifunovic, Cardoza, Zermeno and John Does.

**ANSWER: Defendant City does not answer Count VI as the allegations are not directed toward it. However, if an answer is required Defendant admits the allegations of this paragraph but deny any wrongdoing or misconduct.**

76.     Each of these Defendant Officers was present and observed other officers use excessive force against Plaintiff, arrest Plaintiff without justification, and/or unlawfully seize Plaintiff's property.

**ANSWER: Defendant City does not answer Count VI as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

77.     Each of these Defendant Officers had a realistic opportunity to intervene to prevent the harms from occurring.

**ANSWER: Defendant City does not answer Count VI as the allegations are not directed toward it. However, if an answer is required Defendant denies the allegations of this paragraph.**

78.     During the events described above, Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

**ANSWER: Defendant City does not answer Count VI as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

79.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

**ANSWER: Defendant City does not answer Count VI as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**

80.     As a direct and proximate result of the Defendant Officers' failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, as set forth more fully above.

**ANSWER: Defendant City does not answer Count VI as the allegations are not directed toward it.  However, if an answer is required Defendant denies the allegations of this paragraph.**
.

## COUNT VII – State Law Claim
## Malicious Prosecution

81.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER: Defendant restates its answer to the prior paragraphs as their answer to paragraph 81.**

82.     Count VII is alleged against Defendant Officers *Phipps and Torres*.

**ANSWER: Defendant admits the allegations of this paragraph but deny any wrongdoing or misconduct.**

83.     Defendants, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

**ANSWER: Defendant denies the allegations of this paragraph.**

84.     The prosecution of Plaintiff terminated in Plaintiff's favor and in a manner that is indicative of innocence.

**ANSWER: Defendant denies the allegations of this paragraph.**

85.     The Defendant Officers' actions were committed in a willful and wanton manner.

**ANSWER: Defendant denies the allegations of this paragraph.**

86.     The Defendants' actions directly and proximately caused injury and damage as set forth above.

**ANSWER: Defendant denies the allegations of this paragraph.**

**COUNT VIII – State Law Claim**
***Respondeat Superior***

87.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:   Defendant restates each answer to each paragraph of this complaint as if restated fully herein.**

88.     Count VIII is alleged against Defendant City of Chicago.

**ANSWER:     Defendant admits that Plaintiff purports to bring this claim against Defendant City of Chicago.**

89.     In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

**ANSWER:     Defendant denies that Defendant Officers committed any of the alleged acts of misconduct alleged herein.   Defendant City admits the remaining allegations contained in this paragraph.**

90.     Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

**ANSWER:   Defendant denies this is a complete and accurate statement of the law, and therefore denies the allegations contained in this paragraph.**

**COUNT IX – State Law Claim**
**Indemnification**

91.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:   Defendant restates each answer to each paragraph of this complaint as if restated fully herein.**

16

92.     Count IX is alleged against Defendant City of Chicago.

**ANSWER:  Defendant admits that Plaintiff purports to bring this claim against Defendant City of Chicago.**

93.     In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:  Defendant admits the allegations contained in this paragraph.**

94.     The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

**ANSWER:  Defendant admits that Defendants acted within the scope of their employment at all times alleged in this complaint.  Defendant City admits that it is their employer. Defendant City denies the remaining allegations contained in this paragraph.**

**JURY DEMAND**

Defendant City demands trial by jury.

**AFFIRMATIVE DEFENSES**

1.     The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2.     Defendant City of Chicago is immune from the imposition of punitive damages under both state and federal law. Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981).

3.     As to Plaintiff's state law claim, Defendants are not liable because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201 (West 2016).

4.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff.

5.      The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") protects local public employees from liability for actions committed "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."  745 ILCS 10/2-202 (West 2016).  Willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety or others or their property."  745 ILCS 10/1-210 (West 2016).  Thus, to the extent that Plaintiff has alleged state law claims against Defendants Officers, because they were acting in the execution and enforcement of the law and because their alleged acts or omissions did not constitute willful or wanton conduct, they cannot be held liable.

6.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2010)(West 2016).

**Dated: December 6, 2022**

Respectfully submitted,


By:     /s/ *Caroline Fronczak*
        Caroline Fronczak
        Deputy Corporation Counsel

William Cook, Assistant Corporation Counsel, III
City of Chicago Department of Law
2 N. LaSalle Street Suite 420
Chicago, Illinois 60602

18

(312) 744-5126
(312) 744-6566 (FAX)
Caroline.fronczak@cityofchicago.org

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing Defendant City of Chicago's Answer affirmative defenses, and jury demand to Plaintiff's Third Amended Complaint with the Northern District of Illinois' ECF System on December 6, 2022.

*/s/ Caroline Fronczak*
Deputy Corporation Counsel